UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LARRY JOSEPH FRALEY,<br><br>　　　　　　Defendant. | NO: 2:16-CR-0208-TOR<br><br>ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE |

BEFORE THE COURT is Defendant's *pro se* Motion to Modify or Terminate Supervise Release Conditions as Unconstitutional. ECF No. 39. This matter was noted for hearing without oral argument. The Government is represented by AUSA, Patrick J. Cashman. The Government filed its response to the motion (ECF No. 43) and Defendant has filed no timely reply.

## BACKGROUND

On April 13, 2017, Larry Joseph Fraley appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on December 20, 2016,

ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE ~ 1

charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agreed to jointly recommend that the Defendant be sentenced to 10-years imprisonment to be followed by a 20-year term of supervised release. ECF No. 24 at 3. Additionally, Defendant expressly waived his right to appeal his conviction and sentence and further waived his right to file any post-conviction motion attacking his conviction and sentence except one based on ineffective assistance of counsel based on information not known by the Defendant. *Id*. at 13.

On July 13, 2017, Defendant appeared before the Court and was sentenced based on his plea of guilty. The Court ordered, *inter alia*, that Defendant serve 120-months imprisonment followed by a 20-year term of supervised release. ECF No. 35. Defendant did not appeal his sentence.

Defendant filed the instant motion on December 6, 2022, seeking to have the Court vacate his supervised release and declare that supervised release is unconstitutional under the Fifth Amendment Double Jeopardy clause. ECF No. 39.

## DISCUSSION

**1. Waiver.**

According to Defendant's Plea Agreement, the parties jointly recommended that the Defendant be sentenced to 10-years imprisonment to be followed by a 20-

ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE ~ 2

1  year term of supervised release. ECF No. 24 at 3. Because Defendant agreed to
2  the 20-year term of supervised release and did not appeal imposition of that term,
3  Defendant has waived any challenge.
4      Additionally, Defendant expressly waived his right to appeal his conviction
5  and sentence. This is Defendant's second express waiver of any right to challenge
6  his supervised release.
7      Next, Defendant waived his right to file any post-conviction motion
8  attacking his conviction and sentence except one based on ineffective assistance of
9  counsel based on information not known by the Defendant. Defendant has not
10 articulated an ineffective assistance of counsel claim and this constitutes the
11 Defendants third express waiver of any right to challenge his supervised release.
12     Accordingly, the Court finds Defendant has waived his right to challenge his
13 supervised release.
14     **2. Ineffective Mechanism to Challenge Supervised Release Term.**
15     Defendant cites to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal
16 Procedure 32.1 as the basis for his constitutional challenge to the imposition of
17 supervised release. Neither authority allows such a challenge.
18     Section 3583(e)(2) allows the Court to "extend a term of supervised
19 release" not terminate one. It also allows the Court to "modify, reduce, or enlarge
20 the conditions of supervised release" not terminate supervised release. Likewise,

ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE ~ 3

Fed. R. Crim. P. 32.1(c) only allows for the modification of the terms of supervised release, not termination.

As the Government pointed out, § 3583(e)(1) only allows the Court to "terminate a term of supervised release" "after the expiration of one year of supervised release". This section does not apply because Defendant has not served one year of supervised release.

Even if the Court liberally construed Defendant's request as a 28 U.S.C. § 2255 petition, it is untimely and Defendant waived his right to file such. According to § 2255(f) a motion must be filed within 1-year of the date on which the judgment of conviction becomes final. Here, the conviction has been final for more than 5-years.

Accordingly, the Court finds no basis for Defendant's motion.

**3. Supervised Release Does Not Violate the Fifth Amendment.**

Imposition of supervised release is a form of deferred punishment for the underlying crime. *See United States v. Clark*, 984 F.2d 319, 321 (9th Cir. 1993); *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) ("Thus, the entire sentence, including the period of supervised release, is the punishment for the original crime, and 'it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms' of his release."). Subsequent

ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE ~ 4

imposition of punishment for violating the terms of supervised release does not implicate double jeopardy. *Clark,* 984 F.2d at 321.

**ACCORDINGLY, IT IS ORDERED:**

Defendant's *pro se* Motion to Modify or Terminate Supervise Release Conditions as Unconstitutional, ECF No. 39, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

DATED March 16, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE SUPERVISED RELEASE ~ 5